IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| POPOL C. BAENDE,<br><br>Plaintiff,<br>v.<br><br>QSI, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>2:25-cv-00275-RJS<br><br>District Judge Robert J. Shelby |

This employment discrimination case was dismissed without prejudice for failure to prosecute in January 2026.[1] Before the court is Plaintiff Popol C. Baende's Rule 60(b) Motion for relief from judgment.[2] For the reasons discussed below, the court DENIES the Motion.

**BACKGROUND**

On April 7, 2025, Baende filed the Complaint asserting claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act.[3] The Complaint alleges Baende's employer Defendant QSI, LLC discriminated against Baende on the basis of his race, color, and national origin.[4] QSI answered the Complaint on July 30, 2025.[5]

---

[1] Dkt. 22, *Dismissal Order*.

[2] Dkt. 24, *Plaintiff's Motion Under Rule 60(b)* (*Motion*).

[3] Dkt. 2, *Complaint* ¶¶ 44–115.

[4] *See id.* ¶¶ 15, 44–115. Baende "is of the African race, black in color, and from the Democratic Republic of Congo." *Id.* ¶ 15.

[5] Dkt. 13, *Defendant's Answer to Plaintiff's Complaint and Jury Trial Demand*.

The parties were ordered to submit a proposed scheduling order by September 24, 2025.[6] Neither party complied.[7] On December 11, 2025, Magistrate Judge Romero ordered Baende "to show cause why this case should not be dismissed for failure to prosecute."[8] The Order explained that failure to respond by December 22, 2025 may result in dismissal.[9] Baende did not respond.[10] On January 8, 2026, the court dismissed the case without prejudice for failure to prosecute.[11]

On March 30, 20236, Baende initiated a new action asserting the same claims against QSI.[12] That action has a pending motion to dismiss because it is untimely under the applicable statute of limitations.[13]

On August 13, 2026, Baende filed the Motion asking the court to reopen this case under Rule 60(b).[14]

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 allows courts to relieve a party from a final judgment, order, or proceeding.[15] While the court has "discretion to grant relief as justice requires," such

---

[6] Dkt. 16, *Order to Propose Schedule*; Dkt. 20, *Order Granting Motion for Extension of Time to File Stipulated Motion for Scheduling Order or Motion for Scheduling Conference*.

[7] *See generally Docket*.

[8] Dkt. 21, *Order to Show Cause*.

[9] *Id.*

[10] *See generally Docket*.

[11] *Dismissal Order*.

[12] *See Motion* at 3 (citing *Popol v. QSI, LLC*, Case No. 2:26-cv-00262-JCB).

[13] *Id.* at 3 & n.1.

[14] *Id.* at 2–5.

[15] Fed. R. Civ. P. 60(b).

relief is "'extraordinary and may only be granted in exceptional circumstances.'"[16] The party moving for relief from a judgment bears the burden of demonstrating their entitlement to relief.[17] Here, Baende seeks relief under Rule 60(b)(1) and (6).[18]

Rule 60(b)(1) provides for relief for "inadvertence, surprise, or excusable neglect."[19] The court "need not rigidly compartmentalize" its analysis under the different terms of the Rule.[20] "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."[21] A court considering whether a party's neglect is excusable must "tak[e] account of all relevant circumstances surrounding the party's omission."[22] In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,[23] the Supreme Court articulated the relevant factors for assessing excusable neglect: (1) "the danger of prejudice to the" opposing party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."[24] "[F]ault in the delay" is "perhaps the most important single

---

[16] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (quoting *Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.,* 152 F.3d 1266, 1272 (10th Cir.1998)); *see also Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 694 (2025) ("The Rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." (citation modified)).

[17] *See Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991) (stating the movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment").

[18] *Motion* at 1, 4.

[19] Fed. R. Civ. P. 60(b)(1).

[20] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[21] *Id.*; *see also Servants of Paraclete*, 204 F.3d at 1009 (explaining "inadvertence by an attorney is not a basis for relief").

[22] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (citation modified).

[23] 507 U.S. 380 (1993).

[24] *Id*. at 395.

factor" when "determining whether neglect is excusable."[25] "The burden is upon the party moving to have judgment set aside to plead and *prove* excusable mistake."[26]

Rule 60(b)(6) allows for relief for "any other reason that justifies" it.[27] This provision is a "grand reservoir of equitable power to do justice in a particular case."[28] But Rule 60(b)(6) relief "is even more difficult to attain" than relief under other subsections of the rule, because it "is appropriate only when it offends justice to deny such relief."[29] "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)."[30]

**ANALYSIS**

Seeking relief from the Dismissal Order under Rule 60(b)(1) and (6), Baende advances two arguments: (1) the court dismissed this action without prejudice but the effect of that order is a dismissal with prejudice because the applicable statute of limitations bars initiating a new action, and (2) the reason for dismissal warrants reopening because the parties were preparing scheduling documents and exploring settlement.[31] Considering each rule in turn, the court concludes these circumstances fail to justify relief.

---

[25] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[26] *Pelican Prod.*, 893 F.2d at 1146 (emphasis in original).

[27] Fed. R. Civ. P. 60(b)(6).

[28] *Van Skiver*, 952 F.2d at 1244 (quoting *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (en banc)).

[29] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation modified).

[30] 12 Moore's Federal Practice § 60.48[2] (3d ed. 2013); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) ("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.").

[31] *Motion* at 3–6.

## I. Rule 60(b)(1)

Baende is not entitled to relief under Rule 60(b)(1). The Motion states counsel believed "Baende would have no barriers to refiling and could just file a new civil action, with the same Complaint (or a revised Complaint) and start over again (and do a better job of managing the case the second time around)."[32] But this argument suggests Baende proceeded carelessly, which the Tenth Circuit has clearly stated does not warrant Rule 60(b)(1) relief.[33]

Further, Baende fails to prove excusable neglect under the *Pioneer* balancing test.[34] The first *Pioneer* factor is whether the defendant would be prejudiced by granting Rule 60.[35] The Motion includes a single sentence referencing this factor: "allowing the first case to be reopened and to be decided on the merits would not prejudice Defendants and would be in the interests of justice."[36] But the Motion fails to provide any legal authority or evidence supporting this conclusory statement.[37] This argument fails to satisfy his burden of showing this factor leans in favor of granting the extraordinary relief of Rule 60. The third *Pioneer* factor—"the reason for the delay" and "fault" in delay—is "perhaps the most important single factor" when "determining whether neglect is excusable."[38] Baende explains the Motion was filed only after attempting to initiate a second action in this court and learning that "a plaintiff asserting federal discrimination claims whose first case has been dismissed without prejudice can usually not

---

[32] *Motion* at 3.

[33] *See Pelican Prod.*, 893 F.2d at 1146; *Servants of Paraclete*, 204 F.3d at 1009.

[34] *See Pioneer*, 507 U.S. at 395.

[35] *See id.*

[36] *Motion* at 5.

[37] *See generally id*.

[38] *Jennings*, 394 F.3d at 856 (quotation marks and citation omitted); *Torres*, 372 F.3d at 1163.

refile because the statute of limitations . . . has already run."[39] The Dismissal Order was issued January 8, 2026; Baende initiated the second lawsuit on March 30, 2026; and this Motion was not filed until August 13, 2026.[40] The delay was wholly within Baende's control. Accordingly, this factor weighs against granting relief. The Motion does not address the second or fourth *Pioneer* factors.[41] Failing to argue these factors cannot satisfy Baende's burden.

Accordingly, relief is not warranted under Rule 60(b)(1).

## II. Rule 60(b)(6)

Baende is also not entitled to relief under Rule 60(b)(6).[42] The Motion argues for relief under Rule 60(b)(1) and (6) together.[43] But arguments that arise under both Rule 60(b)(1) and (6) "will not justify relief under Rule 60(b)(6)."[44] "Parties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain" relief.[45] Accordingly, Baende fails to satisfy his burden of establishing this relief.

## CONCLUSION

For the reasons explained above, the Motion is DENIED.[46]

---

[39] *Motion* at 3.

[40] *Dismissal Order*; *Motion* at 3.

[41] *See generally Motion*. The second *Pioneer* factor is "the length of the delay and its potential impact on judicial proceedings," and the fourth *Pioneer* factor is "whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. The court notes there is no evidence of Baende acting in bad faith here. *See Motion*.

[42] *See Motion* at 4–5.

[43] *See id.* (arguing Rule 60(b)(1) and (6) together).

[44] 12 Moore's Federal Practice § 60.48[2] (3d ed. 2013); *see also Zurich*, 426 F.3d at 1293 ("Rule 60(b)'s categories are mutually exclusive.").

[45] *Zurich*, 426 F.3d at 1293.

[46] Dkt. 23.

SO ORDERED this 21st day of September, 2026.

BY THE COURT:

________________________________

ROBERT J. SHELBY
United States District Judge